State *v.* Fleming.

THE STATE, Respondent, *vs.* FLEMING, Appellant.

1. In an action by the state to recover a sixteenth section, the production of a survey is not necessary, where the answer sufficiently admits that the land claimed has been designated as a sixteenth section.
2. The statute of limitations does not run against the state.

*Appeal from St. François Circuit Court.*

These were two actions brought in the name of the state of Missouri, to the use of the inhabitants of township thirty-four north, range seven east. One was an action in the nature of ejectment. The petition stated that on a certain day, the plaintiff was entitled to the possession of section sixteen in said township, and that the defendants afterwards entered into the said premises and unlawfully withheld from the plaintiff the possession thereof. The answer denied that the defendants unlawfully withheld the possession, and alleged that the title to said section sixteen was in Thomas Fleming, under whom they held. The other action was for the rents and profits. Thomas Fleming was subsequently admitted as sole defendant in both actions. On the trial, the plaintiff read in evidence the act of congress of March 6, 1820, and the ordinance of the people of Missouri of July 19, 1820, and proved by a witness that the land in controversy was the sixteenth section, to the admission of which last evidence the defendant excepted, on the ground that a survey was the only competent evidence. The defendant then exhibited the evidences of title, which are set

out in the preceding case of *The State* v. *Ham.* Evidence was also offered tending to show that defendant and those under whom he claimed, had been in possession of the land since 1806. There was a judgment for the plaintiff in each case, from which the defendant appealed.

*T. T. Gantt,* for appellant.

*Frissell & McCracken,* for respondent.

GAMBLE, Judge, delivered the opinion of the court.

1. In these cases, the individuals who were actually in the occupancy of the land, were the defendants originally sued. They appeared and filed their answers, in which they recognize the land in dispute to be section sixteen, in township thirty-four north, range seven east, as stated in the petition. Their answers assert that the title to said section sixteen is in Thomas Fleming, who is their landlord. Thomas Fleming, as landlord, is admitted to defend, and the action, as to the original defendants, is dismissed and discharged. Fleming admits himself in possession, but files no answer, and must, therefore, be taken to have adopted the answer filed by his tenants, who were the original defendants. The manner in which the land is described in the petition and answer sufficiently admits upon the record that it had, in the mode known to the law, been designated as a sixteenth section. There was, in such state of the pleadings, no necessity for the production of the original survey of the township and section, to show that this was the sixteenth section in that township.

2. The questions which have been considered and decided in the case of the *State* v. *Ham,* are the same that are presented in these cases, and the opinion in that case must govern in these. In addition, however, to the questions decided in that case, the defendant here insists upon the bar by the limitation of twenty years. The grant is to the state, for the use of the inhabitants of the different townships, and these actions are brought in the name of the state, because the title

to the property is still in her. Until there is a corporate organization, under the laws of Missouri, and the title to the land vested in such corporation, there is no other body but the state capable of maintaining an action for the possession of the property, or for injuries done to it. While such continues to be the case, there is no right of action in any individual or any subordinate corporation, against which the statute can run, for it is beyond question, that until there is some person in being, capable of maintaining a suit, the statute does not begin to run. If the state can alone sue, then the mrxim *nullum tempus occurrit reipublicæ* applies, and furnishes an answer to the plea of the statute.

Referring to the opinion in the case of the *State* v. *Ham,* for the views of the court upon the principal questions in these cases, the judgments herein are, with the concurrence of the other judges, affirmed.